UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MATTHEW LEE SEDILLO,<br><br>Defendants. | Case No. 1:18-cr-00091-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Matthew Sedillo's Emergency Motion for Compassionate Release. Dkt. 60. The Government opposes the motion. Dkt. 62. After considering the briefing and record, the Court will deny the motion.

## BACKGROUND

In 2018, Sedillo pled guilty to conspiracy to distribute fentanyl and methamphetamine resulting in serious bodily injury and death and was sentenced to 121 months incarceration. Sedillo was arrested after selling multiple pounds of marijuana to a confidential informant. Dkt. 35. Sedillo also served as the intermediary between his father and another individual to sell methamphetamine and "China White." The china white was actually fentanyl, or a substance laced

**MEMORANDUM DECISION AND ORDER - 1**

with fentanyl, that caused a victim to overdose and die. Sedillo was not present when the victim overdosed. Sedillo has a previous conviction for driving under the influence.

Sedillo has served approximately 34 months of his sentence. His projected release date is October 22, 2026. Sedillo is currently incarcerated at USP Lompoc, which has 47 inmates and 7 staff with active COVID-19 infections. https://www.bop.gov/coronavirus/ (last accessed January 7, 2021).

While in custody, Sedillo tested positive for COVID-19, and has since recovered. Dkt. 62 at 6. Sedillo is 32 years old and is generally healthy. Sedillo has a young son who he hopes to care for when released.

## LEGAL STANDARD

Sedillo seeks compassionate release under 18 U.S.C. 3582(c)(1)(A). To grant compassionate release, a district court must, as a threshold matter, determine whether a defendant has exhausted his or her administrative remedies. *Id*. If the exhaustion requirement is met, the court must consider the 18 U.S.C. § 3553(a) factors. *Id.* Then the Court may grant compassionate release only if the defendant shows that "extraordinary and compelling reasons warrant such a reduction." and the reduction is "consistent with applicable policy statements" issued by the U.S. Sentencing Commission. *Id*.; *United States v. Rodriguez*, 424 F. Supp. 3d 674, 680

MEMORANDUM DECISION AND ORDER - 2

(N.D. Cal. 2019). The defendant bears the burden of establishing that extraordinary and compelling reasons exist to justify compassionate release. *See United States v. Greenhut,* 2020 WL 509385, at *1 (C.D. Cal. Jan. 31, 2020) (citing *United States v. Sprague*, 135 F.3d 1301, 1306-07 (9th Cir. 1998)).

## ANALYSIS

Sedillo requested compassionate release from the Warden at USP Lompoc on October 2, 2020 and the Warden has not responded. Therefore, he has exhausted his remedies under § 3582(c)(1)(A) and his motion is ripe for consideration.

The § 3553(a) factors do not warrant a reduction of Sedillo's sentence. Sedillo was arrested for distributing marijuana and sold methamphetamine and fentanyl resulting in the overdose and death of an individual. The § 3553(a) factors have not changed significantly since Sedillo was sentenced and he has served only 34 months of his 121 months sentence.

Sedillo has also not demonstrated extraordinary and compelling reasons warranting his release. He is 32 years old, is generally health, and has contracted and recovered from COVID-19. While his desire to care for his son and provide for his family are admirable, they do not warrant early release. Accordingly, the Court will deny Sedillo's motion.

**MEMORANDUM DECISION AND ORDER - 3**

**ORDER**

**IT IS ORDERED** that Matthew Sedillo's Emergency Motion for Compassionate Release (Dkt. 60) is **DENIED**.

DATED: January 19, 2021

B. Lynn Winmill
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 4